UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
HOUSEHOLD REALTY                 :     CASE NO. 4:06-CV-1124
CORPORATION,                           :
                                                :
       Plaintiff,                         :
                                                :
vs.                                            :     OPINION & ORDER
                                                :     [Resolving Doc. No. 24]
MARLOWE PERCICH, et al.,    :
                                                :
       Defendants.                      :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      With this Opinion and Order, the Court decides whether to grant Plaintiff Household Realty Corporation's ("Household Realty") unopposed motion requesting that the Court grant summary judgment with regard to its complaint for foreclosure. For the reasons presented below, the Court **GRANTS** Household Realty's unopposed motion for summary judgment.

I. Background

      On May 5, 2006, Household Realty, located in Hillsborough County, Florida, filed a complaint as against Ohio residents Marlowe Percich his spouse, if any, and the Treasurer of Trumbull County, Ohio (collectively, "Defendants"). [Doc. 1.] Household Realty says that, on February 22, 2002, Marlowe Percich executed a promissory note in the amount of $88,400 plus interest with Household Bank, F.S.B. ("Note"). [Doc. 1-2.] Paragraph 6 of the Note contains an acceleration clause that allows the Note's holder to collect immediately the full amount of unpaid principal and interest owed. *Id.* To secure payment of the Note, Percich executed and delivered a

-1-

Case: 4:06-cv-01124-JG Doc #: 29 Filed: 11/21/06 2 of 5. PageID #: 213

Case No. 4:06-CV-1124
Gwin, J.

mortgage on real property located at 433 Fairmount Avenue, Northeast, Warren, Ohio 44483-5222 (the "Mortgage" and "Fairmount Property," respectively). [Doc. 1.]

On May 23, 2006, Household Bank, F.S.B. assigned the Note and Mortgage to Household Realty. [Doc. 24-3.] Household Realty says that Percich has not paid installments on the Note and, through his non-payment, breached the Mortgage covenants. [Doc. 1.] The Note's current balance outstanding is $87,754.22 plus interest and charges from February 28, 2003. *Id.* Household Realty seeks default judgment against Percich on the Note's amount outstanding and foreclosure of the Mortgage. *Id.*

On May 10, 2006, following a title examination, Household Realty amended its complaint to include as defendants those who may have or claim an interest in the Fairmount Property. [Doc. 3.] The additional defendants included Megan Luoma, Margo Cupples, William Carlin Cupples, and their respective spouses, if any. *Id.* It appears that Marlowe Percich conveyed the Fairmont Property to Megan Luoma and Margo Cupples through delivery of a quitclaim deed executed on April 4, 2003. [Doc. 3.] The quitclaim deed does not reference the Note or Mortgage. *Id.* Margo Cupples appears to be the Administratrix of the Estate of Ethel Jeanne Percich, formerly the wife of Marlowe Percich. *Id.*

On May 22, 2005, defendants Marlowe Percich, Megan Luoma, Margo Cupples, and Trumbull County, Ohio answered Household Realty's complaint. [Docs. 5, 7, 8, 9.] Defendant William Carlin Cupples did not answer. The answers of Marlowe Percich, Megan Luoma, and Margo Cupples each contain the unsupported assertion that "this Court lacks subject matter jurisdiction over this matter" and general denials of the allegations in Household Realty's complaint. [Docs. 5, 7, 8.] In its answer, Trumbull County "admits to having an interest in and against the

Case No. 4:06-CV-1124
Gwin, J.

premises," denies all other allegations, and further submits recent tax bills showing all amounts due and owing on the premises. [Doc. 9.] Trumbull County also provides the following notice to Plaintiff Household Realty: "[t]he above signature constitutes consent by this Defendant to a Decree in Foreclosure so long as this Defendant's claim is afforded priority after Court costs. It is not necessary to obtain separate approval." *Id.*

On October 9, 2006, Plaintiff Household Realty moved the Court to grant summary judgment with regard to its complaint for foreclosure. [Doc. 24.] Household Realty says that the Court has proper subject matter jurisdiction under the federal diversity statute. *Id.* Household Realty also asserts that the answers fail to assert a valid defense or create a genuine issue of material fact. *Id.* Household Realty says that these reasons entitle it to judgment as a matter of law in this matter. *Id.*

In support of its summary judgment motion, Household Realty has submitted true and accurate copies of the note and mortgage, the attested assignment of these instruments from Household Bank F.S.B. to Household Realty, and the affidavit of Eric Tate, Assistant Vice President of Household Financial Services, Inc., a loan servicing agent for Plaintiff Household Realty. [Docs. 1-2, 1-3, 24-2.]

None of the defendants oppose Household Realty's motion for summary judgment.

## II. Legal Standard

Summary judgment is appropriate when the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears the burden of demonstrating the absence of a genuine issue as to a material fact. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). A fact is material if its resolution will

Case No. 4:06-CV-1124
Gwin, J.

affect the outcome of the lawsuit. *See Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant's may discharge its initial burden by demonstrating the absence of evidence supporting the nonmovant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant satisfies its initial burden, the burden shifts to the nonmovant to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A court cannot, however, grant summary judgment in favor of a movant simply because the nonmovant has not responded. *See, e.g.*, *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The court must, at a minimum, examine the movant's motion for summary judgment to ensure that he has met the initial burden imposed by Rule 56(c). *Id.*

### III. Analysis

After considering the merits of the case, the Court finds that Household Realty has met its initial burden and the defendants have not supplied any evidence as to genuine issues of material fact. Therefore, the Court grants Household Realty's request for judgment as a matter of law.

First, the Court has jurisdiction over this matter based on complete diversity of citizenship. Plaintiff Household Realty has its principal place of business in Florida. The Defendants reside in Ohio. The Note is in arrears of $87,754.77 plus interest. Thus, the Court has subject matter jurisdiction over this matter.

Next, Household Realty asserts that Marlowe Percich executed a promissory note and mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Household Bank, which then assigned these instruments to Plaintiff. According to the affidavit of Assistant Vice President Eric Tate, Marlowe Percich executed the Note and Mortgage to secure payment on

Case No. 4:06-CV-1124
Gwin, J.

the Note. Household Realty asserts that Percich defaulted on his installment payments, which accelerated the total amount of principal and interest due to the company under Paragraph 6 of the Note. As a result of his non-payment, Percich breached the covenants of the Mortgage. Household Realty correctly asserts that the defendants' answers do not create genuine issues as to these material facts. Thus, Plaintiff Household Realty has met its initial burden by demonstrating the absence of a genuine issue as to any material facts contained in its complaint or summary judgment motion.

The defendants do not oppose Household Realty's motion. Thus, absent any countervailing evidence offered by the defendants, this case presents no genuine issue of material fact for the Court or a jury to determine. Therefore, the Court grants Household Realty's summary judgment motion.

IV. Conclusion

For these reasons, the Court **GRANTS** Household Realty's unopposed motion for summary judgment. Further, the Court **ORDERS** Household Realty to submit a proposed Order requesting a judgment decree and foreclosure on the Fairmount Property for the Court's approval and in full accordance with Revised General Order 2006-16 of the Northern District of Ohio. Finally, the Court **DIRECTS** that, in its proposed Order, Household Realty address Trumbull County's consent to foreclosure, including its request for a tax lien against the Fairmount Property.

IT IS SO ORDERED.


Dated: November 21, 2006                    s/ *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE