06-02932

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| Household Realty Corporation | CASE NO. 4:06CV1124 |
| Plaintiff | |
| -vs- | |
| | JUDGE GWIN |
| Marlowe Percich, et al. | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| Defendants | |

THIS CAUSE was submitted to the Court and heard upon the Complaint of Plaintiff, the Amended Complaint of the Plaintiff, the Answer of Defendant, Treasurer of Trumbull County, the Answer of Defendant Marlowe Percich, Plaintiff's Motion for Default Judgment and the evidence.

The Court finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Margo Cupples, John Doe, Unknown Spouse, if any of Margo Cupples, Megan Luoma, John Doe, Unknown Spouse, if any of Megan Luoma, and William Carlin Cupples, are in default of an Answer or other pleading and thereby confess the allegations of the Complaint to be true and said Defendants are forever barred from asserting any right, title or interest in and to the premises described herein.

The Court finds that Defendants, Jane Doe, Unknown Spouse, if any, of Marlowe Percich, and John Doe, Unknown Spouse, if any of Megan Cupples, are hereby dismissed as an unnecessary parties to these proceedings.

The Court finds that there is due the Treasurer of Trumbull County, taxes, accrued taxes, assessments and penalties on the premises described herein, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable at the present time, but which amount will be ascertainable at the time of sale; which are a valid and subsisting first lien thereon for that amount so owing on the day of the timely transfer of deed.

The Court finds that there are no genuine issues of material fact, that reasonable minds can come to but one conclusion, and that the Plaintiff is entitled to judgment herein as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment is hereby granted.

The Court finds on the evidence adduced that there is due Plaintiff on the promissory note set forth in the First Count of the Complaint, the sum of $87,754.22, plus interest thereon at the rate of 8.67% per annum from February 28, 2003, plus all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio and/or Federal law, for which sum judgment is hereby rendered in favor of Plaintiff against the Defendant, Marlowe Percich.

The Court finds that in order to secure the payment of the promissory note aforesaid, the Defendant, Marlowe Percich, unmarried, executed and delivered to Mortgage Electronic Registration Systems, Inc., solely as nominee for Household Bank, FSB, its successors and assigns, a mortgage deed as set forth in the Second Count of said Complaint thereby conveying to it the following described premises:

Situated in the City of Warren, County of Trumbull and State of Ohio:
And known as being all of Lot No. 47 in the Warren Realty & Investment Company's Plat No. 3, known as the Fairmount Drive Allotment, which allotment is situated in Section 22 of Howland Township and in Lot No. 3 and 4 of Warren City. Reference is made to Plat Records Volume 13, Page 13.

Said premises also known as;
433 Fairmount, Warren, OH 44483

PPN: 38-561050

The Court finds that said mortgage was duly filed with the Trumbull County Recorder on February 27, 2002, and recorded as Instrument 200202270007331 of the Mortgage Records of said County and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned to the Plaintiff; that said conditions in the mortgage deed have been broken and the same has become absolute and that Plaintiff is entitled to have the equity of redemption and dower of all Defendants in and to said premises foreclosed.

The Court finds that Plaintiff has and will from time to time advance sums for taxes, insurance and property protection. Plaintiff has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no

finding as to the amounts of the advances and continues same until the confirmation of sale.

The Court further finds that there is no just reason for delay in entering judgment herein.

**ORDER**

It is therefore ORDERED, ADJUDGED AND DECREED that unless the sums found due herein, together with the costs of this action be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of all Defendants in and to said premises shall be foreclosed and that an order of sale shall be issued to the Master Commissioner, appointed herein by the Northern District Court of Ohio, directing him to seize, maintain control and custody, and sell same at public sale at the United States Federal Courthouse, closest to where the property is located, or by other commercially feasible means, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002, and sell said premises as upon execution and according to law free and clear of the interest of all parties to this action. The Master Commissioner shall report his proceedings to this Court.

It is further ORDERED, ADJUDGED AND DECREED that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in

accord with the Court's instructions.

It is further ORDERED, ADJUDGED AND DECREED that the additional rights and responsibilities of the parties shall be as follows:

1. The Master Commissioner is authorized to have free access to the realty and to take all necessary actions to seize, maintain control and custody, and sell the Property.

2. The Defendants herein or anyone else who is occupying the property, shall vacate the property, taking with them their personal property within thirty (30) days from the dated that this Order is entered (but leaving all improvements, buildings, fixtures an appurtenances to the real property). Also within thirty (30) days from the entry of this Order, the Defendants are or anyone else who is occupies the property are ordered to turn over all keys (including duplicates) to the property to the U.S. Marshal located at the U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113. If any person occupying the real property fails or refuses to leave and vacate the realty by the time specified herein, the U.S. Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejection of those persons. If any person fails or refuses to remove his or her personal property from the real property by the time specified herein, the property remaining in or on the real property thereafter is deemed forfeited and abandoned, and the Marshal and his deputies are authorized to remove and dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale

are to be applied under the same guidelines as described herein for the proceeds of the sale of the real property.

3. Until the real property is vacated, the Defendants herein or anyone else occupying the real property shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures and appurtenances on the real property) in its current condition. Until the real property is sold, the Defendants herein or anyone else occupying the real property, shall not commit waste against the real property, nor shall they cause or permit anyone else to do so.

4. Once the property is vacated Plaintiff shall take whatever steps are necessary to preserve and maintain the realty, including retaining a locksmith or other person to change and install locks or other security devices on any part of the realty and insure that no plumbing pipes and/or fixtures freeze and/or burst, until the property vests to the ultimate purchaser.

It is further ORDERED, ADJUDGED AND DECREED that the Clerk of Court, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

    1. To the <u>Clerk of this Court</u>, the costs of this Action, including any title examination costs incurred by the plaintiff.

    2. To the <u>Master Commissioner</u> for his or her fees and to satisfy all costs incurred by the Master Commissioner incident to the seizure, custody, control, advertising and

sale of the property.

3. To the <u>Treasurer of Trumbull County</u>, the taxes, penalties and assessments, due and payable as of the date of the transfer of the property after the U.S. Marshal's Sale.

4. To the <u>Plaintiff</u>, Household Realty Corporation, the sum of $87,754.22, plus interest thereon at the rate of 8.67% per annum from February 28, 2003, plus all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio and/or Federal law.

4. The balance of the sale proceeds, if any, shall be held by the Clerk to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all the rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

As the holder of the first lien (other than real estate taxes), Plaintiff herein is authorized to credit bid at the foreclosure sale the amount it is owed under this Judgment. Since Plaintiff is the first and best leinholder, junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an Order confirming the sale and ordering a deed to the purchaser, a certified copy of the Order shall be issued to the County Recorder of the County where the property is situated, directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises, or alternatively, the Clerk of Common Pleas Court of the County where the property is situated, to release liens filed of record in that office.

RECORD IS HEREBY ORDERED.

Dated: February 9, 2007

s/ James S. Gwin
_____
JUDGE GWIN

APPROVED BY:

_____
Timothy R. Billick #0010390
Attorney for Plaintiff
5601 Hudson Drive
Hudson, Ohio 44236
(330) 342-8203 - telephone
(330) 342-7545 - facsimile
requests@johndclunk.com

_submitted 11-29-06_
_____
Jason C. Earnhart #0071215
Assistant Prosecuting Attorney
Attorney for Defendant,
Treasurer of Trumbull County

_(submitted 11-29-06)_
_____
Paul G. Nader, #0003771
Attorney for Defendant
Marlowe Percich